### YOUNG v. SIBLEY, LINDSAY & CURR CO.

(Monroe County Court. November, 1909.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURIES—SUFFICIENCY OF EVIDENCE.

Evidence alone that defendant's electric truck passed plaintiff's team, standing by the curb, that as it passed one of the horses jumped, and that immediately thereafter the horse was found to be injured, is insufficient to show that the horse was injured through the negligence of the driver of the truck.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706;* Highways, Cent. Dig. § 472.]

2. NEGLIGENCE (§ 121*)—PRESUMPTIONS FROM INJURY.

Where the act causing an injury cannot be shown, defendant cannot be held liable, in the absence of any proof of negligence, by the application of the doctrine of res ipsa loquitur.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*]

3. NEGLIGENCE (§ 121*)—BURDEN OF PROOF.

The burden is on plaintiff, suing for injury through negligence, of showing some act, omission, or such a condition that it would have been impossible for the accident to have occurred, except through the negligence of defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 224; Dec. Dig. § 121.*]

Appeal from Municipal Court.

Action by Frank K. Young against the Sibley, Lindsay & Curr Company. From a judgment for plaintiff, entered on the verdict of a jury, defendant appeals. Reversed.

Harris, Havens, Beach & Harris (W. F. Strang, of counsel), for appellant.

Roy C. Webster, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BARHITE, J. In the trial court the jury rendered a verdict for the plaintiff, and the question upon this appeal is whether there is any evidence to support that verdict. The action is brought to recover damages for injuries sustained by a horse belonging to the plaintiff, caused, it is alleged, by an electric truck owned by the defendant and driven by one of its employés.

It appears that upon the day of the accident an employé of the plaintiff was delivering coal on Monroe avenue, in this city. A team of horses belonging to the plaintiff was attached to a wagon which stood on the southerly side of Monroe avenue, close to the curb; the horses facing toward the east. The driver says the wagon stood close to the curb, within a foot or so. Another witness called by the plaintiff, and who was present at the time of the accident, says that, in his estimation, the wheels were touching the curb. The wagon in question was an ordinary coal wagon, with a box four feet wide. The electric truck owned by the defendant was 6 feet 1½ inches over all, and weighed, without load, nearly 4½ tons. The distance between the south curb of Monroe avenue and the south track of the street railway is 14 feet. It appears from the evidence that this truck had no load, except a trunk. The truck came into Monroe avenue westerly from the point where defendant's team was standing, and came along the south rail of the street railway track, and as the truck passed the team belonging to the plaintiff the horse on the northerly side next to the truck gave a jump forward. Immediately afterwards a wound was discovered, as one witness describes it, on the left hip of the horse about half way down.

There is no evidence that the truck came in contact with the horse or the wagon belonging to plaintiff, or that there was any object projecting over the side of the truck. The only person who saw the accident is the witness Baart, called by the plaintiff, and who stood at the time of the accident at the curb opposite the front wheel. This witness' description of the accident is as follows:

"I came out and threw my basket in the wagon. At that time Sibley, Lindsay & Curr's automobile swung out of Chestnut street. It continued on. It was one of the large freight trucks. It swung over so he was straddle the south rail, and just as the automobile went by the horse gave a jump, and it looked as if he would jump in Woodbury's wagon, which was standing right in front of him. I hollered, 'whoa!' and I went around to see what made the horse jump, and after examining him I found the injury."

This witness further testified that the truck was straddle the south rail after it had passed the horse. The driver of the electric truck testified that he knew of no accident until the next week, when he was told that he had injured a horse on Monroe avenue. The driver was seated on the front of the truck. There is no evidence of any projection on the truck, or that the driver was incompetent, or that the truck was not in good condition, or that it was proceeding at anything more than an ordinary and proper rate of speed.

The witness Baart was in a position where, if the truck had come in contact with the horse, he would have been able to testify to that fact. From the evidence of the distance between the curb and the railway track, the width of the truck and the wagon, and the position of the

two vehicles, it is extremely unlikely that the truck came within several feet of the horse. There is no evidence that the truck skidded, or that the street was in such a condition that it was likely to skid. The case is absolutely barren of any evidence of any negligent act on the part of the defendant or its employé, and there is no evidence of contributory negligence in the case. Under the evidence neither the plaintiff nor the defendant was guilty of any negligent act, and the verdict must stand, if it stands at all, upon the fact that as the truck passed the team the injured horse jumped, and that immediately thereafter the injury was discovered, and that consequently defendant must have been responsible for that injury.

I think the case comes squarely within the doctrine laid down in Eaton v. New York Central & Hudson River Railroad Company, 195 N. Y. 267, 88 N. E. 378, where it is held that an unusual occurrence, resulting in an injury, does not of itself raise the presumption of neglect on the part of a person who is charged with the performance of a duty. The accident must be such as necessarily to involve negligence. In the case cited the plaintiff was standing upon the platform of a station of defendant's road, waiting for a freight train to pass by, in order to cross the tracks. His complaint alleged that he was struck upon the head by some sharp instrument extending from or hanging from the train. He testified that the train approached upon the track nearest to the platform, and that the engine and a couple of cars or some cars had passed him. As he looked at the train, he saw something, the outline he could not exactly describe, and he could not tell what it was that hit him. He said:

"When I saw the thing that I saw, the hazy outline of it, it seemed very close to me."

The plaintiff furnished no other evidence of what had caused the injuries complained of. After the train passed, he was found lying between the tracks and the platform, with his skull fractured by a blow received upon the forehead, leaving a round wound "like a 50-cent piece." His left hip was also bruised. His hat showed a round hole through the front of the crown as its only damage. From the wound in the head were removed pieces of the hat and a splinter of wood. The Court of Appeals lays down the principle above stated and says:

"Whatever was the act causing the injury, if incapable of being shown, the defendant cannot be made liable, in the absence of any proof of negligence, by the application of the rule of res ipsa loquitur. It was not an insurer of the plaintiff's safety."

The burden of proof is upon the plaintiff to show negligence on the part of the defendant. He must show some specific act or omission, or must show such a condition of matters that it would have been impossible for the accident to have occurred, except through the negligence of the defendant. I do not think that the plaintiff has met this rule, and, while it is severe upon the plaintiff that he should have his property injured, yet he cannot call upon the defendant for compensation, unless it is shown that the defendant is responsible.

Judgment of Municipal Court is reversed, with costs.